\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**Gonzalo S. GONZALEZ, Petitioner—Appellant,**

v.

**Jeanne S. WOODFORD, Director, Department of Corrections, Respondent—Appellee.**

No. 07–55277.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*.

Filed Dec. 21, 2007.

R.App. P. 34(a)(2).

69

---

Carla J. Johnson, Esq., Long Beach, CA, for Petitioner–Appellant.

Herbert S. Tetef, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

### MEMORANDUM **

Gonzalo Gonzalez was convicted by a California state jury of one count of lewd conduct with a child in violation of Cal.Penal Code § 288. After exhausting his direct appeals, he filed a petition for federal habeas corpus under 28 U.S.C. § 2254, arguing that the state court committed a constitutional error by excluding from trial the expert witness in child psychology.

The parties are familiar with the facts. We proceed to the law. Gonzalez's petition, filed on April 7, 2006, is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Under AEDPA, this court may grant a writ of habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal Law, as deter-

mined by the Supreme Court of the United States" or if the ruling was "based on an unreasonable determination of the facts in light of the evidence presented." *Id.*

The trial court's exclusion of the expert's testimony was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law. The expert's exclusion did not deny Gonzalez a meaningful opportunity to present a complete defense because he was not precluded from introducing factual evidence. Rather, he was barred merely from introducing expert testimony assisting the jury to evaluate the truthfulness of substantive evidence, such as the victim's testimony. Such testimony may have been helpful to the jury but its exclusion did not constitute an unreasonable application of federal law as determined by the Supreme Court.

Accordingly, the judgment of the district court is AFFIRMED.

PREGERSON, Circuit Judge, specially concurring.

I concur for the sole reason that the trial court's exclusion of the expert testimony in this case was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.